UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED ROAD LOGISTICS, LLC,

    Plaintiff,

v.

PATRICK L. BRAZER, PATRICK L.
BRAZER D/B/A GREENLIGHT AUTO
AUCTION, INC., GREENLIGHT AUTO
AUCTION OF ATLANTA, INC., AND
BRAZER INTERNATIONAL, INC.,

    Defendants.

CIVIL ACTION FILE
NUMBER: 1:18-cv-05195-LMM

1.

There are no motions or other maters pending for consideration by the court except as noted:

**Plaintiff: Plaintiff intends to file motions in limine prior to trial.**

**Defendant: At the present time, there are no motions or other matters pending for consideration by the Court other than any objections or matters asserted by the parties in this Pre-Trial Order. Defendant reserves the right to file other such Motions as evidentiary issues arise and to respond to or object to any such pleading filed by the other party.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting

delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Plaintiff**:   **Plaintiff will take out-of-state evidentiary depositions in preparation for trial.**

**Defendant**:   **Defendant reserves the right to take any evidentiary depositions in preparation for trial.**

**Plaintiff objects. Defendant has not specifically identified any witnesses. Plaintiff objects to the extent Defendant's reservation to take evidentiary depositions as it relates to any unidentified witnesses that Plaintiff did not have an opportunity to depose during discovery.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**The parties are correctly named.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

Jurisdiction is based on diversity of citizenship as prescribed by 28 U.S.C. § 1332.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:                        **Grant B. Smith, Esq.**
**Dennis, Corry, Smith & Dixon, LLP**
**900 Circle 75 Parkway, Suite 900**
**Atlanta, Georgia 30339**
**(404) 926-3658**
**(404) 365-0134 facsimile**
**Gbs@dcplaw.com**

Defendants:                   **Joseph Chad Brannen, Esq.**
**Brannen Law Group**
**7147 Jonesboro Road, Suite G**
**Morrow, Georgia 30260**
**(770) 474-0847**
**chad@brannenlawfirm.com**

Other Parties: (specify) **None.**

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None.**

7.

The captioned case shall be tried **(__X__) to a jury** or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiff**: **Plaintiff claims punitive damages and attorneys' fees under O.C.G.A. § 13-6-11. Accordingly, Plaintiff would like the trial bifurcated with the first phase being comprised of liability, damages, and whether attorneys' fees and punitive damages should be awarded and the second phase being comprised of the amounts to be awarded, if any, in punitive damages and damages under O.C.G.A. § 13-6-11.**

**Defendant**: **Defendant reserves the right to demand attorney fees pursuant to O.C.G.A. § 13-6-11.**

**Plaintiff objects. Defendant's ability to recover attorney fees under O.C.G.A. § 13-6-11 is precluded by the failure to specifically plead and pray for them in the counterclaim. See DOT v. Ga. Tv Co., 244 Ga. App. 750 (2000).**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:


State any objections to defendant's voir dire questions:
**None.**

State any objections to the voir dire questions of the other parties, if any:
**Not applicable.**

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

**None.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of

the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such

other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**Plaintiff**:

**1. Breach of Contract (See Norton v. Budget Rent a Car Sys., 307 Ga. App. 501 (2010) (citing the elements for breach of contract in Kuritzky v. Emory Univ., 294 Ga. App. 370, 371 (2008)); See gen. Budget Rent-A-Car v. Webb, 220 Ga. App. 278, 279 (1996).**

**2. Fraud (O.C.G.A. §§ 51-6-1, 51-6-2).**

**3. Compensatory Damages and Consequential Damages (O.C.G.A. §§ 13-6-1, 13-6-2, 13-6-8, 13-6-9, 51-12-1, 51-12-3)**

**4. Attorneys' Fees and Costs pursuant to O.C.G.A. § 13-6-11 based on breach in bad faith.**

**5. Punitive Damages for intentional tort of fraud contemporaneous with Breach of Contract. (O.C.G.A. § 51-12-5.1; See Maddox v. Brown, 200 Ga. App. 492, 494 (1991) (holding "[e]ven in an action for breach of contract, . . . punitive damages can be awarded, for fraud, if found, is tortious conduct.")).**

**DEFENDANT:**

  **1.** **Breach of Contract (<u>See</u> <u>Norton v. Budget Rent a Car</u> <u>Sys</u>., 307 Ga. App. 501 (2010) (citing the elements for breach of contract in <u>Kuritzky v. Emory Univ</u>., 294 Ga. App. 370, 371 (2008)); <u>See</u> <u>gen</u>. <u>Budget Rent-A-Car v. Webb</u>, 220 Ga. App. 278, 279 (1996).**

  **2.** **Liability, if any, of Defendants.**

18.

  Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

  All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and

rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the

particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Plaintiff**:      **Consistent with the Federal Rules of Civil Procedure and Federal Rules of Evidence, Plaintiff may introduce the following:**

**Patrick Brazer**:

**Pg. 7, ln. 6 – 10.**

**Pg. 15, ln. 11 – Pg. 16, ln. 3.**

**Pg. 16, ln. 5 – 10.**

**Pg. 17, ln. 4 – 8.**

**Pg. 18, ln. 23 – Pg. 19, ln. 2.**

**Pg. 19, ln. 10 – 22.**

**Pg. 27, ln. 4 – 17.**

**Pg. 38, ln. 8 – 14.**

**Pg. 38, ln. 23 – Pg. 39, ln. 17.**

**Pg. 41, ln. 9 – Pg. 42, ln. 2.**

**Pg. 45, ln. 1 – 20.**

**Pg. 46, ln. 12 – 22.**

**Pg. 48, ln. 1 – 15.**

**Pg. 49, ln. 4 – 16.**

**Pg. 52, ln. 20 – Pg. 53, ln. 6.**

**Pg. 53, ln. 16 – 23.**

**Pg. 54, ln. 7 – Pg. 55, ln. 3.**

Pg. 61, ln. 25 – Pg. 62, ln. 8.

Pg. 66, ln. 18 – Pg. 68, ln. 3.

Pg. 68, ln. 22 – Pg. 69, ln. 6.

Pg. 69, ln. 14 – Pg. 70, ln. 11.

Pg. 70, ln. 19 – 21.

Pg. 71, ln. 13 – 17.

Pg. 72, ln. 2 – 12.

Pg. 72, ln. 23 – Pg. 73, ln. 1.

Pg. 77, ln. 7 – 13.

Pg. 78, ln. 22 – Pg. 79, ln. 3.

Pg. 80, ln. 23 – Pg. 81, ln. 2.

Pg. 83, ln. 25 – Pg. 85, ln. 4.

Pg. 85, ln. 5 – 15.

Pg. 87, ln. 3 – 6.

Pg. 88, ln. 1 – 7.

Pg. 89. ln. 11 – 15.

Pg. 91, ln. 7 – 14.

Pg. 93, ln. 25 – Pg. 94, ln. 17.

Pg. 97, ln. 21 – Pg. 98, ln. 4.

Pg. 98, ln. 19 – 24.

Pg. 99, ln. 4 – 17.

Pg. 99, ln. 21 – Pg. 100, ln. 10.

Pg. 101, ln. 22 – Pg. 102, ln. 12.

Pg. 105, ln. 18 – Pg. 106, ln. 2.

Pg. 107, ln. 22 – Pg. 108, ln. 13.

Pg. 111, ln. 20 – Pg. 112, ln. 25.

Pg. 115, ln. 1 – 4.

Pg. 120, ln. 10 – 14.

Pg. 122, ln. 3 – Pg. 123, ln. 5.

Pg. 123, ln. 21 – Pg. 124, ln. 3.

Pg. 124, ln. 16 – 20.

Pg. 139, ln. 5 – Pg. 140, ln. 4.

Pg. 140, ln. 18 – Pg. 141, ln. 14.

Pg. 142, ln. 4 – 19.

Pg. 144, ln. 1 – 25.

Pg. 159, ln. 20 – Pg. 160, ln. 7.

Pg. 164, ln. 4 – 20.

Pg. 165, ln. 15 – Pg. 166, ln. 15.

Pg. 167, ln. 1 – 4.

Pg. 167, ln. 5 – 20.

Pg. 174, ln. 6 – Pg. 175, ln. 7.

Pg. 175, ln. 8 – Pg. 176, ln. 6.

Pg. 182, ln. 23 – 25.

Pg. 184, ln. 14 – 22.

Pg. 187, ln. 10 – 15.

Plaintiff will provide objections to any questions or answer in the depositions in writing no later than the day the case is first schedule for trial.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1,

will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiff**: **Plaintiff does not request additional time.**

**<u>Defendant</u>: Defendant does not request additional time.**

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

**Not applicable.**

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____ to discuss in good faith the possibility of settlement of this case. The court (_____) has or (__X__) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

**(__X__) Little possibility of settlement.**

(_____) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

Plaintiff estimate it will require **1-2** days to present its evidence.

The defendants estimate it will require __1__ day to present their evidence.

It is estimated that the total trial time is __3__ days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED, this _____ day of January, 2021.


_____
HON. LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE


Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Respectfully submitted,

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345
/s/ *Jason S. Stewart*
JASON S. STEWART, ESQ.
Georgia Bar No. 793252
For the Firm
Attorneys for Plaintiff

900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
(404) 364-4503
(404) 365-0134 Facsimile
Gbs@dcplaw.com
jstewart@dcplaw.com

BRANNEN LAW FIRM

/s/ *Joseph Chad Brannen*
JOSEPH CHAD , ESQ.
Georgia bar number 077120

For the Firm
Attorneys for Defendants

 7147 Jonesboro Road
 Suite G
 Morrow, Georgia 30260
Telephone: (770) 474-0847
chad@brannenlawfirm.com

**ATTACHMENT "A-1"**

**Judge Martin's Background Juror Questions pursuant to Court's Standing Order {Doc. 3]:**

1.  State your name.

2.  In what city and county do you live?

    a.  How long have you lived there?
    b.  What was your previous city and county of residence and how long did you live there?

3.  What is your present occupation?

    a.  Please tell us the name of the company where you work.
    b.  Do you have hiring or firing authority?
    c.  If you have worked there for less than 5 years, for whom did you work before your current employer?

4.  If you are not currently employed, what kind of work did you do and where did you work before you retired or left employment?

5.  Are you married or have a live-in partner? If so, please answer:

    a.  What does your spouse or live-in partner do?
    b.  Who is your spouse's or live-in partner's employer? Please name any employer(s) over the past 5 years.

6.  Do you have children, including stepchildren?

    a.  If you have adult-aged children (21 or over), what do they do and where do they work? Please name any employer(s) over the past 5 years.

7.  Describe your educational background.

8.  Do you belong to any social, civil, political or religious organizations?

9.  Have you ever served on a trial jury or appeared as a witness at a trial before? If so, please answer:

    a.   What kind of case?
    b.   Where and when?
    c.   If you served on a jury, did the jury reach a verdict?
    d.   Were you the foreperson of the jury?

10.  Have you ever served on a grand jury before? If so, in what court?

## **Plaintiff's Additional Qualifying Questions**

11.  Does anyone know Joseph Chad Brannen of the Office of Joseph Chad Brannen in Morrow, Georgia?

12.  Does anyone know any of the employees or, or has anyone or their immediate family worked for or been represented by the Office of Joseph Chad Brannen in Morrow, Georgia?

13.  Does anyone know Grant Smith of Dennis, Corry, Smith & Dixon, LLP in Atlanta, Georgia?

14.  Does anyone know Jason S. Stewart of Dennis, Corry, Smith & Dixon, LLP in Atlanta, Georgia?

15.  Does anyone know any of the employees or, or has anyone or their immediate family worked for or been represented by Dennis, Corry, Smith & Dixon, LLP in Atlanta, Georgia?

16.  Does anyone know of has anyone met Patrick Brazer?

17.  Is there anyone who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

18.  Does anyone provide care for a child, elderly person, or anyone with a physical or mental disability that would impair your ability to sit on the jury?

19.  If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas,

notions, or beliefs about the law that you may have encountered in reaching your verdict.

20. Has anyone been disqualified from serving on a jury before?

21. Does anyone hold any belief, religious or otherwise, which discourages or prevents jury service?

22. Is there anyone here who is not a U.S. Citizen, who is not at least 18 years old, or who does not live in this division of the Northern District of Georgia, which includes Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton, and Rockdale counties?

**ATTACHMENT "B-1"**

1.  Do any of you know anyone else sitting around you?

2.  How many of you know Judge May or anyone else in the courtroom?

3.  Does anyone know an owner, officer, employee, or agent of Greenlight Auto Auction of Atlanta, Inc.?

4.  Has anyone had any communications with Greenlight Auto Auction of Atlanta, Inc.?

5.  Does anyone know an owner, officer, employee, or agent of Brazer International?

6.  Has anyone had any communications with Brazer International?

7.  Is there anyone here where English is not their first language?

8.  For those of you who do not speak English as your first language, do you think you will have any problems?

9.  Is there anyone here who works a night shift, or for any other reason, will have a problem staying awake during trial?

10. This lawsuit involves a broker that contracted with a company to transport vehicles.  Has anyone driven a commercial vehicle for a job?

11. Is anyone involved in the transportation industry?  How so?

12. Has anyone hauled or transported vehicles for a living? Have you worked with a transportation broker and, if so, what was that experience like?

13. Does anyone own there own business?

14. Have you or a business you own entered into a business contract and the other party did not do what they agreed to do?

15. Anyone been involved in a lawsuit where you sued someone for money? What for?

16. Does anyone feel it is wrong for a large company to sue a small business owned and operated by one person?

17. Does anyone think that large, nationwide company should only sue someone for money if the amount at issue exceeds a certain amount?

18. Have you or an immediate family member had something taken or stolen without your permission?  What happened?

19. Have you or an immediate family member purchased a car at an auto auction? Any complaints?

20. Do you or an immediate family member work in accounting or financial auditing industry?

21. Do you or an immediate family member work for house of worship or religious organization?

22. Have you or an immediate family member worked in law enforcement?

23. Do you or an immediate family member work in the health care field?

24. Have you or an immediate family member worked in the law filed as a lawyer, paralegal, professional assistant, receptionist, or any other position?

25. Have you or an immediate family member served in the military?

26. Does anyone have any reasons you would not feel comfortable serving on this jury – such as a belief that it is wrong to judge the conduct of other people or that judgment should be left up to God?

27. Does anyone have feelings against people or companies who bring lawsuits?

28. Does anyone's beliefs prevent you from bringing a lawsuit?

29. Is there anyone here who just does not want to be a juror in this case for any reason?

30. After hearing me ask all of these questions, are there any of you pulling for the defense?

<u>**ATTACHMENT B-2**</u>

1. After hearing me ask all of these questions, are there any of you pulling for the plaintiff?

2. Does anyone know an owner, officer, employee, or agent of United Road Logistics LLC?

3. Has anyone had any communications with United Road Logistics LLC.?

4. Does anyone believe that the filing of a lawsuit mean that the party suing is properly suing the opposing party?

5. Does any know any witnesses who will or may testify at the trial of this case?

**ATTACHMENT "C"**

Plaintiff United Road Logistics, LC ("United Road") agreed to broker the transportation of certain Volkswagen vehicles ("VWs") for Volkswagen Group of America, Inc. ("VWGoA"). VWGoA was required to repair or buy back and destroy these VWs as part of a federal "buy back" program (a/k/a diesel buy back program, "Project Bravo"), and it faced potential penalties for failing to repair or buy back these VWs.

In December 2016, United Road entered into a Broker/Contractor Agreement (hereafter "Agreement," [Doc. 1-1]) with Defendants Greenlight Auto Auction of Atlanta, Inc. ("Greenlight") and/or Patrick Brazer d/b/a Greenlight Auto Auction, Inc., whereby Greenlight and Patrick Brazer agreed to transport VWs subject to the federal buy back program. At all relevant times, Patrick Brazer was Greenlight's sole owner and corporate officer, and he made all of Greenlight's business decisions. Greenlight was an active company from 2015 through 2017 and operated its business from a property located at 5575 Frontage Road, Forest Park, Georgia 30349 (f/k/a 5500 Frontage Road, Forest Park, Georgia 30349).

Section 1 of the Agreement defined the duration of the Agreement as three (3) years. In Section 2 of the Agreement, Greenlight and Patrick Brazer agreed that they would "…only be

paid for successful deliveries… [and] under no circumstances shall [United Road] be liable for any claims for payment made after 18 months from the delivery."

In Section 6 of the Agreement, Greenlight and Patrick Brazer agreed to provide evidence of successful deliveries "in the form designated by [United Road], indicating the quantity of vehicles delivered and the description and condition of each vehicle delivered, with such evidence accepted and acknowledged by the recipient of the shipment in writing."

Pursuant to the Agreement, Greenlight agreed to transport the following twenty (20) VWs from various Volkswagen dealerships in Georgia and deliver them to plant facilities in Chattanooga, Tennessee or LaFayette, Georgia:

| No. | Vehicle Identification Number (VIN) | Vehicle Model | Load ID / Delivery Receipt | Destination |
|---|---|---|---|---|
| 1 | 1VWBN7A31CC070585 | Passat | 35608301 | Chattanooga, TN |
| 2 | 3VWAL7AJ4AM094908 | Jetta Sedan | 35608301 | Chattanooga, TN |
| 3 | 3VW3A7AJ9FM342530 | Jetta Sedan | 35608301 | Chattanooga, TN |
| 4 | 1VWCN7A33CC004270 | Passat | 35608301 | Chattanooga, TN |
| 5 | WVWBM7AJ1BW003924 | Golf | 35608301 | Chattanooga, TN |
| 6 | 1VWBN7A30CC099317 | Passat | 35687131 | Chattanooga, TN |
| 7 | 1VWBV7A39FC074923 | Passat | 35723051 | Chattanooga, TN |
| 8 | 1VWCN7A37CC049406 | Passat | 35723916 | Chattanooga, TN |
| 9 | 3VWPL81KX9M262412 | Jetta Sportwagen | 35876997 | LaFayette, GA |

| 10 | 3VWML7AJ4CM668309 | Jetta Sportwagen | 35877296 | LaFayette, GA |
|----|-------------------|------------------|----------|---------------|
| 11 | 3VWTL7AJ5AM691378 | Jetta Sportwagen | 35876904 | LaFayette, GA |
| 12 | 3VWPL7AJ0DM648315 | Jetta Sportwagen | 35876904 | LaFayette, GA |
| 13 | 3VWLL7AJ9CM377235 | Jetta Sedan | 35965475 | LaFayette, GA |
| 14 | 3VWLL7AJ8CM420866 | Jetta Sedan | 35965475 | LaFayette, GA |
| 15 | 1VWCN7A33DC017215 | Passat | 35965475 | LaFayette, GA |
| 16 | 3VWPL7AJ0DM680214 | Jetta Sportwagen | 35965475 | LaFayette, GA |
| 17 | 3VW6L7ATXEM812717 | Beetle Convert. | 36060300 | LaFayette, GA |
| 18 | 1VWBN7A30CC020051 | Passat | 36060300 | LaFayette, GA |
| 19 | 3VWLL7AJ4DM439917 | Jetta Sedan | 36060300 | LaFayette, GA |
| 20 | 1VWBV7A34FC013060 | Passat | 36060300 | LaFayette, GA |

Greenlight and Patrick Brazer electronically submitted nine (9) delivery receipts made between February 15, 2017 and March 12, 2017 [Doc. 1-2], representing its successful transport of these 20 VWs to Chattanooga, Tennessee or LaFayette, Georgia.

From February 17, 2017 through March 15, 2017, United Road issued eight (8) checks to Greenlight and Patrick Brazer in the total amount of $15,168.65 [Doc. 1-3], with $3,762.95 of this amount for the aforementioned nine delivery receipts.

In August 2018, VWGoA determined that the plant facilities in Chattanooga, Tennessee or LaFayette, Georgia did not receive the 20 VWs and contacted United Road. United Road's investigator and security manager Dan Pauley investigated, travelled to Chattanooga, Tennessee, and determined United Road assigned the delivery of the 20 VWs to Greenlight and Patrick Brazer.

On or about August 29, 2018, Dan Pauley traveled to Greenlight and Patrick Brazer's business property in Forest Park, Georgia. Dan Pauley observed and took photographs of seventeen (17) of the twenty VWs present on a public lot at the property. Three (3) of the twenty VWs were not present at the lot and have never been recovered to date. Those three vehicles have the following vehicle identification numbers: 3VWLL7AJ8CM420866 (Jetta Sedan), 1VWCN7A33DC017215 (Passat), 3VWPL7AJ0DM680214 (Jetta Sportwagen).

After learning about the presence of the twenty VWs at the lot, United Road determined that the nine (9) delivery receipts submitted by Greenlight and Patrick Brazer between February 15, 2017 and March 12, 2017 contained falsified signatures for the representatives at the plant facilities in Chattanooga, Tennessee or LaFayette, Georgia and contained the 20 VWs Greenlight and Mr. Brazer did not deliver.

In September 2018, Dan Pauley communicated with Patrick Brazer tried to coordinate United Road's retrieval of the seventeen VWs. Patrick Brazer stonewalled United Road's efforts by demanding that United Road address his claims for storage fees and unpaid invoices before retrieving the seventeen VWs.

Through its counsel, United Road submitted a warrant application to Clayton County Magistrate Court for Patrick Brazer. After a hearing in Clayton County Magistrate Court on

March 4, 2019, that Court ordered Greenlight and Mr. Brazer to allow United Road to retrieve the seventeen undelivered VWs from the lot. United Road expended $18,962.00 in costs to investigate the non-deliveries and retrieve the seventeen VWs after the March 2019 magistrate court hearing.

<u>Relevant Rules, Regulations, Statutes, Ordinances, and
Illustrative Case Law Creating a Specific Legal Duty Relied Upon
by Plaintiffs</u>

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." See <u>Norton v. Budget Rent a Car Sys</u>., 307 Ga. App. 501 (2010) (citing the elements for breach of contract in <u>Kuritzky v. Emory Univ</u>., 294 Ga. App. 370, 371 (2008)); <u>See gen</u>. <u>Budget Rent-A-Car v. Webb</u>, 220 Ga. App. 278, 279 (1996).

Georgia law provides rights of action for "fraud accompanied by damage." <u>O.C.G.A. §§ 51-6-1, 51-6-2</u>. The elements of a fraud claim are as follows: "(1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff." <u>Parsells v. Orkin Exterminating Co</u>., 172 Ga. App. 74, 322 S.E.2d 91, 93 (Ga. App. 1984).

United Road seeks compensatory damages and consequential damages pursuant to O.C.G.A. §§ 13-6-1, 13-6-2, 13-6-8, 13-6-9,

51-12-1, 51-12-3, which include the following:  $3,762.95 for Plaintiff's payments for the nine falsified load delivery receipts from February 17, 2017 through March 15, 2017; payment was included within United Road's eight (8) checks to Greenlight and Patrick Brazer in the total amount of $15,168.65 [Doc. 1-3]. United Road seeks in $18,962.00 in its expenses to investigate the non-deliveries and retrieve the seventeen VWs after the March 2019 magistrate court hearing.

Attorneys' Fees and Costs pursuant to O.C.G.A. § 13-6-11 based on breach in bad faith.  To date, United Road has incurred $34,389.61 in attorneys' fees and costs as of January 29, 2021. This amount will increase as the case moves forward.

Punitive Damages for intentional tort of fraud contemporaneous with Breach of Contract.  (O.C.G.A. § 51-12-5.1; See <u>Maddox v. Brown</u>, 200 Ga. App. 492, 494 (1991) (holding "[e]ven in an action for breach of contract, . . . punitive damages can be awarded, for fraud, if found, is tortious conduct."))

<u>Defendant's Counterclaim</u>:

Greenlight and Patrick Brazer did not comply with the Agreement's terms for processing payment for the seven (7) loads listed in Greenlight and Patrick Brazer's counterclaim and, further, Greenlight and Patrick Brazer are precluded from seeking payment at this juncture based on agreed-upon terms.

In Section 6 of the Agreement, Greenlight and Patrick Brazer agreed to "provide evidence of pickup in the form designated by [United Road]… [Greenlight and Patrick Brazer further agree] to provide evidence of delivery in the form designated by [United Road], indicating the quantity of vehicles delivered and the description and condition of each vehicle delivered, with such evidence accepted and acknowledged by the recipient of the shipment in writing."

Further, in Section 2 of the Agreement, Greenlight and Patrick Brazer agreed that "…under no circumstances shall [United Road] be liable for any claims for payment made after 18 months from the delivery."

Greenlight and Patrick Brazer never submitted valid, proper paperwork for the seven loads within 18 months of the delivery date. To date, Greenlight and Patrick Brazer have never submitted valid paperwork for loads 34716137, 34851844, 36287546. United Road first received valid paperwork for loads 34716102 and 34791905 upon the filing of the counterclaim on March 17, 2020, well after 18 months of delivery for both loads in December 2016.

Loads 39272495 and 37552664 are for units transported in 2017 by Defendant Brazer International, Inc. Brazer International, Inc. has not asserted a counterclaim.

Defendants' ability to recover attorney fees under O.C.G.A. § 13-6-11 is precluded by the failure to specifically plead and pray for them in the counterclaim. <u>See</u> <u>DOT v. Ga. Tv Co.</u>, 244 Ga. App. 750 (2000).

**ATTACHMENT "D"**

Plaintiff and Defendant entered into a broker agreement for the transportation of certain buy back VW motor vehicles. The parties operated under this agreement for a significant period of time whereby Defendant collected and delivered multiple cargo trailer loads of the buy back motor vehicle units to specified destinations at the request of Plaintiff.

During this time, Defendant incurred unnecessary expense and delay in recovery and delivery of the VW by back vehicles. Defendant undertook the recovery of these buy back vehicles and at times could not recover specified buy back vehicles to Plaintiff. Further, Defendant attempted to deliver certain buy back vehicles to Plaintiff's control but was unable to effectuate the delivery as the destination locations were not open or able to accept delivery of said buy back vehicles.

At a point in time, Defendant maintained certain buy back vehicles at the business location in Forest Park, Georgia. Defendant maintained the vehicles at its own costs. Further disputes developed between the parties over unpaid invoices and the costs of the buy back vehicles storage by Defendant. Notwithstanding the controversies between the parties, Defendant contends that all the VW buy back vehicles recovered by Defendant were or are in the possession of Plaintiff.

<u>Relevant Rules, Regulations, Statutes, Ordinances, and
Illustrative Case Law Creating a Specific Legal Duty Relied Upon
by Defendants</u>

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." <u>See</u> <u>Norton v. Budget Rent a Car Sys</u>., 307 Ga. App. 501 (2010) (citing the elements for breach of contract in <u>Kuritzky v. Emory Univ</u>., 294 Ga. App. 370, 371 (2008)); <u>See</u> <u>gen</u>. <u>Budget Rent-A-Car v. Webb</u>, 220 Ga. App. 278, 279 (1996).

## ATTACHMENT "E"

**The parties stipulate to these facts:**

1. In December 2016, Plaintiff United Road Logistics, LLC and Defendant Greenlight Auto Auction of Atlanta, Inc. entered into the Broker/Contractor Agreement in the record at Doc. 1-1.

2. The Broker/Contractor Agreement in the record at Doc. 1-1 is a valid, enforceable contract.

3. The Broker/Contractor Agreement in the record at Doc. 1-1 was in effect at all relevant times.

4. The Broker/Contractor Agreement in the record at Doc. 1-1 is an authentic copy of the agreement entered into by Plaintiff United Road Logistics, LLC and Defendant Greenlight Auto Auction of Atlanta, Inc. in December 2016.

5. Defendants Greenlight Auto Auction of Atlanta, Inc. operated business from a property located at 5575 Frontage Road, Forest Park, Georgia 30349.

6. The business address of "5575 Frontage Road, Forest Park, Georgia 30349" is the same property as its former county listing as "5500 Frontage Road, Forest Park, Georgia 30349."

7. Defendants Greenlight Auto Auction of Atlanta, Inc. agreed to transport the twenty (20) Volkswagen vehicles specifically identified in paragraph 12 of Complaint and above within the chart in Attachment "C."

8. Defendants Greenlight Auto Auction of Atlanta, Inc. submitted the nine (9) delivery receipts - seen in the record at Doc. 1-2 - to Plaintiff United Road Logistics, LLC for payment.

## ATTACHMENT "F-1"

Plaintiffs will have present at trial:  None.

Plaintiffs may have present at trial:

1.  Defendant Patrick Brazer c/o The Brannen Law Firm.

2.  Charles Baxter of United Road, 10701 Middlebelt Road, Romulus, Michigan 48174.

3.  Dan Pauley of United Road, 10701 Middlebelt Road, Romulus, Michigan 48174.

4.  Kristin Burman of United Road, 10701 Middlebelt Road, Romulus, Michigan 48174.

5.  Ryan Brazil of United Road, 10701 Middlebelt Road, Romulus, Michigan 48174.

6.  Jeff Covington of Wallenius Wilhelmsen Solutions, 7675 Volkswagen Drive, Chattanooga, Tennessee 37416.

7.  Janelle Noland, 19618 Stotter Street, Detroit, Michigan 48234.

8.  Vivek Chopra of Volkswagen Group of America, Inc., 2200 Ferdinand Porsche Drive, Herndon, Virginia 20171.

9.  Detective Brian Godbolt, Clayton County Police Department, 7911 N. McDonough Street, Jonesboro, Georgia 30236.

10. Grant Smith or Jason S. Stewart, Dennis Corry Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339 (for O.C.G.A. § 13-6-11 phase).

11. Any witness necessary to authenticate documents or other exhibits.

12. Any witnesses identified in Defendants' portion of the pretrial order.

13. Any witnesses needed for purposes of impeachment.

**ATTACHMENT "F-2"**

Defendant will have present at trial:   None.

Defendant may have present at trial:

 1. Defendant Patrick Brazer.

 2. Any witness necessary to authenticate documents or other exhibits.

 3. Any witnesses identified in Plaintiff's portion of the pretrial order.

 4. Any witnesses needed for purposes of impeachment or rebuttal.

**ATTACHMENT "G-1"**

**Plaintiff's Exhibit List:**

1. Broker/Contractor Agreement [Doc. 1-1].

2. Nine (9) delivery receipts made between February 15, 2017 and March 12, 2017 [Doc. 1-2], submitted by Greenlight and Patrick Brazer to United Road.

3. Eight (8) United Road checks to Greenlight and Patrick Brazer in the total amount of $15,168.65 [Doc. 1-3].

4. Photographs taken by Dan Pauley on or about August 29, 2018 of the seventeen (17) of the twenty VWs present on Defendants' business property in Forest Park, Georgia. [Doc. 1-4].

5. Patrick Brazer's responses dated August 21, 2020 to United Road's First Request for Admissions

6. All exhibits to the deposition transcript of Patrick Brazer dated October 19, 2020, including but not limited to text messages between Patrick Brazer and Dan Pauley during various dates in September 2018.

7. Copies of invoices and documentation of expenses paid by United Road to investigate the non-deliveries and retrieve the seventeen VWs from Defendants' lot in Forest Park, Georgia.

8. Clayton County Police Incident Report for Case No. 18045133 prepared by Officer Caleb of the Clayton County Police Department.

9. Any pleadings filed in this case.

## ATTACHMENT "G-2"

**Defendant's Exhibit List:**

1.    Broker/Contractor Agreement [Doc. 1-1].

2.    Patrick Brazer's responses dated August 21, 2020 to United Road's First Request for Admissions

3.    All exhibits to the deposition transcript of Patrick Brazer dated October 19, 2020, including but not limited to text messages between Patrick Brazer and Dan Pauley during various dates in September 2018.

4.    Any pleadings filed in this case.

5.    All documents identified in any pleadings filed in this matter, identified in this Pre-Trial Order, and any and all documents identified during any deposition, discovery proceeding or request or response in this matter.

6.    All documents identified in and/or attached to any evidentiary or discovery deposition or produced in discovery.

7.    All documents and other tangible things listed in this Pre-Trial Order by Plaintiff.

8.    Enlargements of any document identified herein.

9.    Transcript of Deposition taken of any party in this matter.

10.    Any documents related to any criminal proceeding initiated by Plaintiff against any Defendant in this matter.

11.    Any and all documents not listed herein for the use of impeachment and rebuttal.

## <u>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S ATTACHMENT "G-2"</u>

Plaintiff objects to Defendant's designation of "all documents identified in and/or attached to any evidentiary or discovery deposition or produced in discovery." Plaintiff does not know what documents will be identified or attached to future evidentiary depositions and reserves the right to object to any such documents, as necessary.